NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 22 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

REJEANNE BERNIER; HANS S. CROTEAU,

Plaintiffs-Appellants,

v.

TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY, a Connecticut corporation; DOES, 1-20, inclusive,

Defendants-Appellees.

No. 18-55146

D.C. No. 3:17-cv-01028-MMA-BLM

MEMORANDUM*

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Submitted August 15, 2018**

Before:    FARRIS, BYBEE, and N.R. SMITH, Circuit Judges.

Rejeanne M. Bernier and Hans S. Croteau appeal pro se from the district court's order dismissing their diversity action for failure to post a bond and the district court's order declaring plaintiffs vexatious litigants. We have jurisdiction

---

*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291. We review for an abuse of discretion. *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1056-57 (9th Cir. 2007) (pre-filing order entered against a vexatious litigant); *Yourish v. California Amplifier*, 191 F.3d 983, 989 (9th Cir. 1999) (dismissal for failure to comply with court order). We affirm.

The district court did not abuse its discretion by declaring plaintiffs vexatious litigants and imposing a pre-filing order against them because it gave plaintiffs notice and an opportunity to be heard, developed an adequate record for review, made findings regarding their frivolous litigation history, and narrowly tailored the restrictions in the pre-filing order. *See Molski*, 500 F.3d at 1056-61 (discussing factors to consider before imposing pre-filing restrictions).

The district court properly dismissed plaintiffs' failure-to-defend claims because no duty to defend plaintiffs in a third party lawsuit arose under the terms of the insurance policy. *See Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001) (standard of review of dismissal under Fed. R. Civ. P. 12(b)(6)); *Waller v. Truck Ins. Exch., Inc.*, 900 P.2d 619, 627 (Cal. 1995) (explaining that "an insurer has a duty to defend an insured if it becomes aware of, or if the third party lawsuit pleads, facts giving rise to the potential for coverage under the insuring agreement," but that "where there is no possibility of coverage, there is no duty to defend" (citations omitted)).

The district court did not abuse its discretion by denying plaintiffs leave to

18-55146

amend the failure-to-defend claims because amendment would have been futile.

*See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and stating that leave to amend may be denied where amendment would be futile).

**AFFIRMED.**

18-55146